UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KOONTZ,                          :
                                       :
            Petitioner                 :
                                       :    CIVIL NO. 1:CV-06-0380
        vs.                            :
                                       :    (Judge Caldwell)
WARDEN ROBERT D. SHANNON, et           :
al.,                                   :
                                       :
            Respondents.               :

*M E M O R A N D U M*

*I.    Introduction.*

        On February 21, 2006, *pro se* plaintiff, David Koontz,

filed the above-captioned petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Koontz names the Superintendent of

the Frackville State Correctional Institution, Robert D. Shannon,

and the Attorney General of Pennsylvania, as Respondents.  As

relief, Koontz seeks an Order directing the Commonwealth of

Pennsylvania to transfer him, via the Interstate Corrections

Compact ("ICC"),[1] 61 P.S. §§ 1062, to South Carolina Department of

---

    [1]  The Interstate Corrections Compact is an agreement between
states, enacted by statute in each participating state, that
authorizes the transfer of one State's prisoner to another State's
prison.  *See Olim v. Wakinekona*, 461 U.S. 238, 246, 103 S.Ct. 1741,
75 L.Ed.2d 813 (1983).  The Interstate Corrections Compact applies
to individuals who have *already* been granted probation or parole.

Corrections where he may serve the remainder of his sentence. Koontz has paid the filing fee in this matter.

For the reasons that follow, the petition will be denied without prejudice.

*II.    Background.[2]*

Koontz argues that he has a vested liberty interest under the Interstate Corrections Compact ("ICC") to be transferred from the jurisdiction of the Pennsylvania Department of Corrections to the South Carolina Department of Corrections. He claims the Pennsylvania Department of Corrections has arbitrarily and unreasonably denied his request for a transfer to South Carolina.  Petitioner claims that his fiancee's ailing health prevents her from making the trip from their home in South Carolina to visit with him in Pennsylvania.  He adds that upon his parole he seeks to return to his home in South Carolina and work with his fiancee.  He adds that he is a Level II classification inmate who has been a model prisoner and obeyed all prison rules and regulations.  "A transfer to S.C. region will be so much easier on my lady for convenience in regards to visits.  A move back home would be practical for assimilation

---

[2]  The following factual recitation is gleaned from the Petition and the many documents attached to it.

back into society for me as well." (Doc. 1, Petition, February 7, 2005 letter to Hendricks). Koontz's minimum sentence will expire on October 8, 2009. Prior to that date, the Pennsylvania Board of Probation and Parole "is powerless" to assist Koontz in his obtaining his desired transfer. (*Id.*, January 11, 2005-letter from Anthony to Petitioner).

*III. Discussion*.

This matter is before the Court for screening. 28 U.S.C. § 2243. The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

It is well-settled that a prisoner who seeks to challenge either the fact or duration of his confinement must proceed by way of a habeas corpus petition, but that habeas is not the appropriate avenue of relief when the prisoner's claim

will not affect the duration of confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  In *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002), the Third Circuit held:

> [W]henever the challenge ultimately attacks the 'core of habeas' – the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in the plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

From a careful review of the petition, it is clear that Koontz does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. According to the allegations of the petition, Koontz seeks to force the Pennsylvania Department of Corrections to transfer him via the Interstate Corrections Compact to the South Carolina Department of Corrections for reasons of family hardship.  There are no indications that the requested transfer would have any effect on the fact or duration of his confinement in prison other than where he would serve the remainder of his sentence.  Based on the injunctive nature of the relief sought, and a thorough review of Koontz's allegations, "habeas corpus is not an appropriate or available federal remedy."  *See Linnen v.*

-4-

*Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).  Consequently, the

petition will be denied as meritless without prejudice to any

right Koontz may have to reassert his present claims in a

properly filed civil rights complaint.[3]

      We will issue an appropriate order.


                /s/William W. Caldwell
                William W. Caldwell
                United States District Judge

Date: March 30, 2006

---

[3]In this regard, we expresses no opinion as to the merits of
Koontz's ability to challenge the Pennsylvania Department of
Corrections denial of his request for an incentive transfer to
South Carolina, or one pursuant to the ICC upon his reaching parole
eligibility, via a civil rights action.  We do note, however, that
"an inmate has no justifiable expectation that he will be
incarcerated in any particular prison within a State"  *Olim v.
Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813
(1983); see also *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct.
274, 50 L.Ed.2d 236 (1976).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
DAVID KOONTZ,                         :
                                      :
             Petitioner               :
                                      :    CIVIL NO. 1:CV-06-0380
        vs.                           :
                                      :    (Judge Caldwell)
WARDEN ROBERT D. SHANNON, et          :
al.,                                  :
                                      :
             Respondents.             :
```

*O R D E R*

AND NOW, this 24th day of March, 2006, it is ordered

that:

     1.  The petition for writ of habeas
corpus is DENIED without prejudice to any
right Koontz may have to reassert the instant
claims in a properly filed civil rights
claim.

     2.  The Clerk of Court is directed to
CLOSE this case.

     3.  Based on the Court's conclusion
herein, there is no basis for the issuance of
a certificate of appealability.

     4.  The Clerk of Court is directed to
send to Koontz, along with this Order, two
(2) 42 U.S.C. § 1983 form complaints, as well
as this Court's form application to proceed
*in forma pauperis* and authorization form.

/s/William W. Caldwell
William W. Caldwell
United States District Judge